IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEFERINO OCAMPO FITZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO.: 3:23-CV-02298 |
| V. | § | |
| | § | |
| | § | |
| ELIZABETH VENEGAS NUNEZ, EXECUTOR | § | DEMAND FOR JURY TRIAL |
| AND HEIR OF THE ESTATE OF DAVID VENEGAS | § | |
| FRIAS, ALEJANDRO AGUILERA ROMAN, | § | |
| ALEXIS VENEGAS, ARTURO MONZALVO, | § | |
| ANRIK ROJAS, GAEL ORDAZ, EDGAR MELENDEZ, | § | |
| ERICK LARA, ARMANDO CARLOS, ASCENCION | § | |
| QUIROZ, AND PETER ANGEL | § | |
| | § | |
| Defendants. | § | |

# MOTION TO DISMISS

Defendants Alejandro Aguilera Roman ("Roman"), Alexis Venegas ("Venegas"), Edgar Melendez ("Melendez"), Armando Carlos ("Carlos"), and Ascencion Quiroz ("Quiroz") (collectively, "Responding Defendants")[1] hereby move this Court to dismiss this action under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted.

## SUMMARY OF THE ARGUMENT

Plaintiff claims to possess common law trademark rights in the names of a certain musical group, which rights Plaintiff alleges were infringed by Defendants. The problem with this position,

---

[1] As of the date of this Motion, Responding Defendants are the only Defendants who have been served. Accordingly, Responding Defendants are the only Defendants who are parties to this Motion to Dismiss.

however, is that Plaintiff attaches contradictory evidence to his Complaint which establishes that (a) Defendant Nuñez possesses prior rights in a valid, registered trademark in the name of the same musical group, and (b) *even if* such rights do not control, the registration placed Plaintiff on notice of the potential infringement of his common law rights at least as early as 2012 or 2014. For these reasons, and because Plaintiff's Cause of Action for fraud also is not plead with adequate specificity, Plaintiff's Complaint should be dismissed and leave to amend denied.

<u>SUMMARY OF THE RELEVANT ALLEGATIONS</u>

More than 30 years ago, the musical group known by the names "Los Yaguaru" and/or "Los Yaguaru de Angel Venegas" (the "Group") was formed in Mexico. Complaint ("Compl.") at ¶ 16. The Group began performing throughout the United States in or around the 1990s. *Id*. David Venegas Frias ("Frias") was an original member of the Group. *See Id*. at ¶ 23.

On March 29, 2012, Frias filed an application for registration of the Group name "Los Yaguaru de Angel Venegas" demonstrating first use of the mark in commerce in Class 041 as early as January 1996 (the "Application"). *Id*. On November 30, 2012, Viridiana Venegas Fabian ("Fabian"), the claimed successor-in-interest to another original group member named Angel Venegas ("Venegas"), instituted a proceeding with the Trademark Trial and Appeal Board ("the Board") opposing the Application. *See* Exhibit "A" to Compl. The Board ultimately dismissed the proceeding with prejudice and the Application subsequently matured into Registration No. 6150283 (the "Registered Mark") on September 15, 2020. *Id*. On or about July 11, 2016, Frias passed away, and all rights in and to his estate, including all rights in and to the Registered Mark, subsequently passed to his daughter, Defendant Elizabeth Venegas Nuñez ("Nuñez"). *See* Exhibit "B" to Compl.

Plaintiff – who claims to have been the Group's "long-time manager" – contends that in or about August 2014 he acquired all rights in and to the Group's "Los Yaguaru" and "Los Yaguaru de Angele Venegas" names from Fabian. *Id.* at ¶ 17. Inexplicably, Plaintiff also claims to have a prior right to use of the trademarks—dating back to 1998—despite Plaintiff's own evidence in Exhibit A demonstrating Nuñez's use of the Registered Mark since as early as 1996, years prior to any claimed use by Plaintiff.

Before commencing this action, Plaintiff filed on June 21, 2021 a Petition to Cancel the Registered Mark, which action remains pending before the Board. *See* Exhibit "A" to Compl.

LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims in a complaint. If a plaintiff fails to allege enough facts to state a claim of relief that is plausible enough on its face to raise a right to relief above the speculative level, dismissal under Rule 12(b)(6) is appropriate. *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 685 (5th Cir. 2017).

The Supreme Court has applied a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court must then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. Rather, the plaintiff

must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). "[D]rawing on its judicial experience and common sense," the court "must undertake the 'context-specific task' of determining whether the plaintiff's allegations 'nudge' its claims across the line from conceivable to plausible." *See id.* at 679, 683.

Consequently, to survive a 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief can survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

A court ruling on a 12(b)(6) motion may rely on "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A plaintiff can, therefore, plead itself out of court by attaching documents to the complaint which indicate that the plaintiff is not entitled to the relief sought. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 800, 808–09 (S.D. Tex. 2007). Thus, where an exhibit to the complaint contradicts a plaintiff's allegations, eliminating any possible claim for relief, dismissal is appropriate. *Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## ARGUMENT AND AUTHORITIES

**A.     Plaintiff Lacks Standing to Bring Each of His Claims, Which Are Controverted by Plaintiff's Own Evidence.**

A plaintiff has standing to bring a cause of action under the Lanham Act when the injury falls within the zone of interest, and the defendant proximately caused the alleged injury. *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 1388, 1390, 188 L. Ed. 2d 392 (2014). Thus, a plaintiff must allege "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Id.* at 1395.

Here, Plaintiff's own Exhibits "A" and "B" to the Complaint set forth evidence proving *Frias'* valid registration of the Registered Mark (and prior use) over any other claimed common law rights, as well as Defendant Nuñez's valid acquisition of all such rights as the heir to Frias' estate. Plaintiff (conveniently) alleges that he acquired all rights in and to the Group's names "[o]n or about August 2014" from Fabian, as the claimed "successor-in-interest" to original Group member Venegas (Compl. at ¶ 17), but conspicuously fails to attach any supporting documentation evidencing such acquisition.

Plaintiff will likely claim that the alleged Mexican registrations that Plaintiff possesses for four variations of the Group's name prove the existence of his valid common law rights therein. However, "[i]t is well settled that foreign use is ineffectual to create trademark rights in the United States." *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599-600 (5th Cir. 1985) (internal citations omitted).

Perhaps even more telling, Plaintiff's own pleadings and evidence demonstrate Nuñez's prior right in and to the Registered Marks based on Plaintiff's admitted first use of the mark in 1998—two years after Nuñez's own use began. *See* Compl. at ¶ 74 and Ex. A.

Accordingly, Plaintiff has plead himself out of court by attaching testamentary materials establishing Defendant Nuñez' prior and sole ownership of the Registered Mark over any purported common law rights that Plaintiff claims to possess. Plaintiff attempts to side-step this fatal flaw by summarily stating that Frias committed fraud before the USPTO in connection with his filed Application. Compl. at ¶¶ 29-37. But, as set forth in detail below, Plaintiff fails to allege the who, what, when, and where with requisite specificity needed to plead fraud. Plaintiff's conclusory allegations are not sufficient to satisfy Rule 9(b)'s heightened pleading standard. *See* FRCP 9(b); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Having contradicted his own allegations and by failing to plead his fraud claim with requisite particularity, Plaintiff has not properly asserted any alleged injury proximately caused by fraud, demonstrating Plaintiff's lack of standing to bring this Complaint against Defendants. Accordingly, Plaintiff's Complaint should be dismissed without leave to amend.

**B.  Plaintiff's First, Second, Third, and Fourth Causes of Action Are Barred By The Applicable Statutes of Limitation**

As demonstrated in Plaintiff's own Exhibit "A" to the Complaint, Plaintiff has known about Defendant Nuñez's use of the Registered Mark in connection with live performances since at least as early as 2012 – when Venegas first instituted the unsuccessful Opposition proceeding challenging Frias's Application. At a minimum, Nuñez's federal registration, filed in March 2012, (Plaintiff's own Exhibit A) provides constructive notice to Plaintiff (and the public in general) of Nuñez's claim of ownership in the Registered Mark. *See* 15 U.S.C. § 1072. And *even if* Plaintiff can somehow argue that Venegas' knowledge of Defendant Nuñez's use of the Registered Mark cannot be imputed to Plaintiff (despite statutory constructive knowledge arising out of the federal registration), Plaintiff obtained direct knowledge of such use at least as early as 2014 – when Plaintiff alleges to have

acquired all rights in and to the Group's names from Venegas. Given Plaintiff's longstanding knowledge of Nuñez's use of the Registered Mark, Plaintiff's causes of action for federal trademark infringement and unfair competition, false designation of origin, and Texas common-law trademark infringement and unfair competition—all brought at least 9 years after Plaintiff learned of Nuñez's federal registration—are barred by the statutes of limitations applicable to each claim as shown below.

1. <u>Federal Trademark Infringement and Unfair Competition</u>

Though the Lanham Act provides no statute of limitations for federal trademark infringement and unfair competition, Courts apply the most analogous state statute. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 356 (5th Cir. 2011). The most analogous Texas statute of limitations for a Lanham Act claim is the four-year statute of limitations applied to fraud claims pursuant to § 16.004 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. *Id.* Plaintiff's knowledge of the Registered Mark since as early as 2012 or 2014 is a bar to Plaintiff's claim for federal trademark infringement and unfair competition under that four-year limitations period.

2. <u>False Designation Of Origin Under 15 U.S.C. § 1125(a)</u>

Claims under Section 43(a) of the Lanham Act, including false designation of origin, have a statute of limitations of four years. *Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.*, 934 F. Supp. 796, 805 (S.D. Tex. 1996); *see* TEX. CIV. PRAC. & REM. CODE § 16.004. Plaintiff's false designation of origin claim has long expired by virtue of Plaintiff's admitted knowledge of the Registered Mark now owned by Defendant Nuñez since at least as early as 2012 or 2014.

3. <u>Texas Common Law Trademark Infringement</u>

Unlike Lanham Act claims, Texas law contains a statute of limitations for common-law trademark claims, and federal courts have applied Texas's four-year statute of limitations to

trademark-infringement claims. *Springboards to Educ., Inc. v. Scholastic Book Fairs, Inc.*, No. 3:17-CV-0054-B, 2018 WL 1806500, at *8 (N.D. Tex. Apr. 17, 2018). Similar to Plaintiff's Lanham Act claim, this four-year statute of limitations bars Plaintiff's claim of common law trademark infringement based on Plaintiff's knowledge of the Registered Mark for at least nine years.

4. <u>Texas Common Law Unfair Competition</u>

A two-year limitations period applies to Texas common law unfair competition claims. *Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.*, 934 F. Supp. 796, 805–06 (S.D. Tex. 1996); *see* TEX. CIV. PRAC. & REM. CODE § 16.003(a). As argued above with regard to Plaintiff's other causes of action, Plaintiff's common law unfair competition claim is barred by the two-year statute of limitations because Plaintiff has known about the Registered Mark now owned by Defendant Nuñez since at least as early as 2012 or 2014.

**C. Plaintiff Fails to Sufficiently Plead Fraud**

Federal Rule of Civil Procedure 9(b) demands that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see United States ex rel. Longhi* v. *Lithium Power Techs., Inc.*, 575 F.3d 458, 468 (5th Cir. 2009). Traditionally, courts have held that pleading fraud with particularity requires that "[a]t a minimum . . . a plaintiff [must] set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (internal citation omitted). Cancellation of a trademark due to fraud on the USPTO in connection with the registration requires proof of the following elements: (1) a false representation of a material fact; (2) knowledge or belief that the representation was false; (3) an intent to induce the USPTO to act in reliance on the misrepresentation; (4) reasonable reliance by the USPTO on the misrepresentation; and (5) damage

from such reliance. *Tex. Pig Stands, Inc. v. Hard Rock Cafe Intern., Inc.*, 951 F.2d 684, 693 n. 14 (5th Cir. 1992).

Plaintiff's cause of action to cancel Registration No. 6,150,283 should also be dismissed, without leave to amend, because it is based on Plaintiff's bald allegations of fraud on the USPTO that fail to include the requisite specificity demanded under Rule 9(b). Specifically, Plaintiff pleads only the speculative and conclusory allegation that "Mr. Frias made several fraudulent misrepresentations, misled the PTO, all of which resulted in the issuance of a registration certificate" without offering any specifics regarding the content of any such misrepresentations, how those alleges representations were false, and when such statements were made and to whom. Plaintiff's allegations, made almost entirely "upon information and belief," fail to establish the who, what, when, and where required to sufficiently plead fraud with particularity. *See Moody v. Nat'l W. Life Ins. Co.*, 634 S.W.3d 256, 277 (Tex.App. 2021) ("Allegations pleaded on information and belief do not satisfy the heightened pleading requirement to plead with particularity."); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ("If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'").

In particular, Plaintiff's bald allegation fails to: (1) identify any false representation of a material fact, (2) specify how Defendants had knowledge or a belief that that representation was false, (3) demonstrate any intent of Defendants to induce the USPTO to act in reliance on the misrepresentation, (4) allege any reasonable reliance by the USPTO on the misrepresentation, or (5) specify the nature of any alleged damage proximately caused by such acts. Accordingly, Plaintiff has failed to allege fraud with the requisite specificity, and the claim should be dismissed.

### D. Plaintiff's Accounting Claim Is Not A Cognizable Claim For Relief

Finally, Plaintiff has plead its request for an accounting as a separate and independent cause of action. *See* Compl. at ¶¶ 82-88. Yet, an accounting is an equitable *remedy*, not an independent *cause of action*. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp.2d 919, 935 (N.D. Tex. 2014). Presumably, Plaintiff's request for an accounting is tied to its request for injunctive relief, both of which are remedies for the various causes of action plead. A court must dismiss a claim for equitable relief absent any surviving underlying cause of action. *See id*; *Avila v. Compass Bank,* No. SA-5:14-CV-686, 6 (W.D. Tex. Oct. 7, 2014). Here, each and every one of Plaintiff's claims fail such that no underlying cause of action remains to support any relief, including the equitable relief of an accounting. Accordingly, Plaintiff's cause of action for an accounting should be dismissed.

#### CONCLUSION

Based on the foregoing, Responding Defendants respectfully request that the Court dismiss each and every cause of action included in Plaintiff's Complaint, without leave to amend.

Dated: December 15, 2023     Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
Texas Bar No. 24075563
brian.casper@klemchuk.com
Mandi Phillips
Texas Bar No. 24036117
mandi.phillips@klemchuk.com
**KLEMCHUK PLLC**
8150 N. Central Expressway, 10th Fl.
Dallas, Texas 75206
Tel: (214) 367-6000
Fax: (214) 367-6001

John M. Begakis (*Pro Hac Forthcoming*)
California Bar No. 278681
john@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
12100 Wilshire Blvd, Suite 800
Los Angeles, California 90025
Tel: (310) 230-5580
Fax: (310) 943-2540

**ATTORNEYS FOR RESPONDING DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that this document is being served on all counsel of record via the Court's ECF system on December 15, 2023.

*/s/ Darin M. Klemchuk*